JUDGE CHIN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______
DATE FILED: NOV 08 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA :

- v - :

DENNIS MICHAEL NOURI,
REZA ERIC NOURI,
RUBEN SERRANO, and
ALAIN LUSTIG,

Defendants.

- - - - - - - - - - - - - - - - - x

INDICTMENT

07 CRIM 1029

COUNT ONE

(Conspiracy to Commit Securities Fraud, Wire Fraud, and Commercial Bribery)

The Grand Jury charges:

BACKGROUND

1. At all times relevant to this Indictment, DENNIS MICHAEL NOURI, the defendant, was the Chief Executive Officer and President of Smart Online, Inc., ("Smart Online"). At all times relevant to this Indictment, DENNIS MICHAEL NOURI owned thousands of shares of Smart Online stock. As of on or about February 15, 2005, DENNIS MICHAEL NOURI reported in a public filing that he owned 3,302,027 shares of Smart Online stock. As of on or about June 4, 2007, DENNIS MICHAEL NOURI reported in a public filing that he owned 1,052,407 shares of Smart Online stock.

2. At all times relevant to this Indictment, REZA ERIC NOURI, the defendant, worked as an employee at Smart Online in the department of business development. REZA ERIC NOURI is

the brother of DENNIS MICHAEL NOURI, the defendant. At all times relevant to this Indictment, REZA ERIC NOURI owned thousands of shares of Smart Online stock.

3. Smart Online is a corporation organized under the laws of the State of Delaware with its headquarters in Durham, North Carolina. Smart Online develops and markets internet-delivered software applications and data resources to operate small businesses.

4. On or about April 15, 2005, the common stock of Smart Online began trading under the symbol "SOLN" on the National Association of Securities Dealers' Over-The-Counter Bulletin Board, a regulated quotation service that displays real-time quotes, last-sale prices, and volume information for certain over-the-counter securities.

5. At all times relevant to this Indictment, RUBEN SERRANO, the defendant, was a registered representative of the Manhattan branch office of a brokerage firm.

6. At all times relevant to this Indictment, ALAIN LUSTIG, the defendant, was a registered representative of the Manhattan branch office of a brokerage firm.

7. At all times relevant to this Indictment, a co-conspirator not named as a defendant herein ("CC-1") was a registered representative of the Manhattan branch office of a brokerage firm.

8. At all times relevant to this Indictment, a co-conspirator not named as a defendant herein ("CC-2") was a registered representative of the Manhattan branch office of a brokerage firm.

9. At all times relevant to this Indictment, an individual ("CW-1") was a registered representative of the Manhattan branch of a brokerage firm.

THE SCHEME TO DEFRAUD

10. From in or about May 2005 through in or about July 2007, DENNIS MICHAEL NOURI, REZA ERIC NOURI, RUBEN SERRANO, and ALAIN LUSTIG, the defendants, together with CC-1 and CC-2, co-conspirators not named as defendants herein, and others known and unknown to the Grand Jury, orchestrated a fraudulent scheme to manipulate artificially the market price and demand for Smart Online stock and to defraud the purchasers of Smart Online stock. In order to generate an artificial demand for Smart Online stock, DENNIS MICHAEL NOURI and REZA ERIC NOURI paid secret bribes, or "kickbacks," to CW-1, and others known and unknown, in order to induce SERRANO, LUSTIG, CC-1, CC-2, and others known and unknown, to sell Smart Online stock to their customers.

11. In soliciting purchases of Smart Online stock, RUBEN SERRANO, ALAIN LUSTIG, CC-1, CC-2, and others known and unknown, did not disclose to their customers, notwithstanding their respective fiduciary duties to do so, the facts that:

(1) they had been induced to recommend Smart Online stock by means of secret bribes; or (2) they had in fact received such bribes. In addition, the statements that SERRANO, LUSTIG, CC-1, CC-2, and others made to their customers about Smart Online were materially misleading in light of the omitted information described above.

THE CONSPIRACY

12. From in or about May 2005 through in or about July 2007, in the Southern District of New York and elsewhere, DENNIS MICHAEL NOURI, REZA ERIC NOURI, RUBEN SERRANO, and ALAIN LUSTIG, the defendants, together with CC-1 and CC-2, co-conspirators not named as defendants herein, and others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, (1) to commit securities fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Section 240.10b-5; (2) to commit wire fraud, in violation of Title 18, United States Code, Sections 1343 and 1346; and (3) to commit commercial bribery and commercial bribe receiving, in violation of Title 18, United States Code, Section 1952(a)(3).

Securities Fraud

13. It was a part and object of the conspiracy that

DENNIS MICHAEL NOURI, REZA ERIC NOURI, RUBEN SERRANO, and ALAIN LUSTIG, the defendants, together with CC-1 and CC-2, co-conspirators not named as defendants herein, and others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly, directly and indirectly, by use of the means and instrumentalities of interstate commerce, the mails and the facilities of national securities exchanges, would and did use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of the securities of Smart Online, Inc., in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by (1) employing devices, schemes and artifices to defraud; (2) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon the investing public and other persons and entities, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

Wire Fraud

14. It was further a part and object of the conspiracy that DENNIS MICHAEL NOURI, REZA ERIC NOURI, RUBEN SERRANO, and ALAIN LUSTIG, the defendants, together with CC-1 and CC-2, co-conspirators not named as defendants herein, and others known

and unknown to the Grand Jury, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, namely, a scheme and artifice, among other things, to (a) deprive a broker's customer of the intangible right to a broker's honest services; (b) violate a broker's duty to disclose to his customer all material facts concerning securities transactions in the customer's account; and (c) obtain the customer's money and property, would and did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, all in violation of Title 18, United States Code, Sections 1343 and 1346.

Travel Act: Commercial Bribery

15. It was further a part and object of the conspiracy that DENNIS MICHAEL NOURI, REZA ERIC NOURI, RUBEN SERRANO, and ALAIN LUSTIG, the defendants, together with CC-1 and CC-2, co-conspirators not named as defendants herein, and others known and unknown to the Grand Jury, unlawfully, willfully, and knowingly, would and did travel in interstate commerce and use the mails and facilities in interstate and foreign commerce, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of

unlawful activity, specifically, (a) commercial bribery, in violation of New York State Penal Law Sections 180.00 and 180.03; and (b) commercial bribe receiving, in violation of New York State Penal Law Sections 180.08 and 180.05; and thereafter would and did perform and attempt to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity, all in violation of Title 18, United States Code, Section 1952(a)(3).

MEANS AND METHODS OF THE CONSPIRACY

16. Among the means and methods by which DENNIS MICHAEL NOURI, REZA ERIC NOURI, RUBEN SERRANO, and ALAIN LUSTIG, the defendants, and their co-conspirators would and did carry out the objects of the conspiracy were the following:

a. DENNIS MICHAEL NOURI and REZA ERIC NOURI entered into arrangements with securities brokers, including CW-1, pursuant to which DENNIS MICHAEL NOURI and REZA ERIC NOURI offered to make and did make secret payments of cash to securities brokers, including SERRANO, LUSTIG, CC-1, CC-2, and CW-1, in order to induce these brokers to cause their customers to buy Smart Online stock on the open market. The size of the secret payment was typically one dollar for every share of Smart Online stock sold to a customer.

b. DENNIS MICHAEL NOURI and REZA ERIC NOURI made secret payments to securities brokers, including SERRANO, LUSTIG,

CC-1, CC-2, and CW-1, to attempt, among other things, to increase and maintain the share price of Smart Online stock at artificially inflated levels by creating a false sense of genuine market interest in the Smart Online stock.

c. DENNIS MICHAEL NOURI and REZA ERIC NOURI made the agreed-upon secret payments to securities brokers, including SERRANO, LUSTIG, CC-1, CC-2, and CW-1, by (i) making direct cash payments, and (ii) causing money to be sent to brokers. To conceal the nature of the secret payments, DENNIS MICHAEL NOURI and REZA ERIC NOURI sometimes arranged for Smart Online to enter into fictitious agreements that made it appear as if the payments were made in return for services rendered to Smart Online.

d. SERRANO, LUSTIG, CC-1, CC-2, and others received undisclosed compensation for selling Smart Online stock to their customers.

e. DENNIS MICHAEL NOURI, REZA ERIC NOURI, and others traveled in interstate commerce to New York, New York, to meet with securities brokers, including SERRANO and CW-1, in furtherance of the scheme.

f. DENNIS MICHAEL NOURI, REZA ERIC NOURI, SERRANO, LUSTIG, CC-1, CC-2, and others used the facilities of interstate commerce, including the use of interstate telephone calls, the mails, and wire communications in furtherance of their illegal scheme.

OVERT ACTS

17. In furtherance of the conspiracy and to effect its illegal objects, DENNIS MICHAEL NOURI, REZA ERIC NOURI, RUBEN SERRANO, and ALAIN LUSTIG, the defendants, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a. On or about August 19, 2005, SERRANO purchased 1,002 shares of Smart Online common stock in New York, New York.

b. In or about the Summer of 2005, SERRANO accepted cash compensation from CW-1 in New York, New York, in exchange for SERRANO's previous purchases of Smart Online stock for his clients.

c. On or about January 11, 2006, DENNIS MICHAEL NOURI and REZA ERIC NOURI attended a meeting with CW-1 in New York, New York.

d. On or about January 13, 2006, DENNIS MICHAEL NOURI and REZA ERIC NOURI spoke on the telephone with CW-1 who was located in New York, New York.

e. On or about January 13, 2006, LUSTIG accepted $1,000 in U.S. currency from CW-1 in New York, New York, in exchange for LUSTIG's previous purchases of Smart Online stock for his clients.

f. On or about January 16, 2006, DENNIS MICHAEL NOURI spoke on the telephone with CW-1 who was located in New York, New York.

g. On or about February 8, 2006, DENNIS MICHAEL NOURI attended a meeting with SERRANO in New York, New York.

h. On or about February 8, 2006, DENNIS MICHAEL NOURI attended a meeting with CW-1 in New York, New York.

i. On or about February 5, 2007, LUSTIG spoke on the telephone with CW-1 who was located in New York, New York.

j. On or about April 19, 2007, DENNIS MICHAEL NOURI paid $2,000 in U.S. currency to CW-1 in New York, New York.

k. On or about April 20, 2007, LUSTIG spoke on the telephone with CW-1 who was located in New York, New York.

(Title 18, United States Code, Section 371).

COUNT TWO

(Securities Fraud)

The Grand Jury further charges:

18. The allegations contained in paragraphs 1 through 11, 16 and 17 of this Indictment are repeated and realleged as if fully set forth herein.

19. From in or about May 2005 through in or about July 2007, in the Southern District of New York and elsewhere, DENNIS MICHAEL NOURI, REZA ERIC NOURI, RUBEN SERRANO, and ALAIN LUSTIG, the defendants, unlawfully, willfully, and knowingly, directly

and indirectly, by the use of means and instrumentalities of interstate commerce, the mails, and the facilities of national securities exchanges, in connection with the purchase and sale of securities, did use and employ manipulative and deceptive devices and contrivances, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon persons, in connection with the purchase and sale of Smart Online securities.

(Title 15, United States Code, Sections 78j(b) and 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 2).

COUNTS THREE AND FOUR

(Wire Fraud)

The Grand Jury further charges:

20. The allegations contained in paragraphs 1 through 11, 16, and 17 of this Indictment are repeated and realleged as if fully set forth herein.

21. On or about the dates set forth below, in the Southern District of New York, DENNIS MICHAEL NOURI, the

defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, namely, the scheme set forth above, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, the following writings, signs, signals, and sounds for the purpose of executing such scheme and artifice:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| THREE | 1/04/06 | Telephone call between North Carolina and New York, New York |
| FOUR | 1/16/06 | Telephone call between North Carolina and New York, New York |

(Title 18, United States Code, Sections 1343, 1346, and 2).

COUNTS FIVE AND SIX

(Wire Fraud)

The Grand Jury further charges:

22. The allegations contained in paragraphs 1 through 11, 16, and 17 of this Indictment are repeated and realleged as if fully set forth herein.

23. On or about the dates set forth below, in the Southern District of New York, REZA ERIC NOURI, the defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud and to

obtain money and property by means of false and fraudulent pretenses, representations, and promises, namely, the scheme set forth above, transmitted and caused to be transmitted by means of wire communication in interstate and foreign commerce, the following writings, signs, signals, and sounds for the purpose of executing such scheme and artifice:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| FIVE | 12/29/05 | Telephone call between North Carolina and New York, New York |
| SIX | 1/16/06 | Telephone call between North Carolina and New York, New York |

(Title 18, United States Code, Sections 1343, 1346, and 2).

COUNT SEVEN

(Travel Act: Commercial Bribery)

The Grand Jury further charges:

24. The allegations contained in paragraphs 1 through 11, 16, and 17 of this Indictment are realleged and incorporated as if fully set forth herein.

25. On or about January 11, 2006, in the Southern District of New York and elsewhere, DENNIS MICHAEL NOURI and REZA ERIC NOURI, the defendants, unlawfully, willfully, and knowingly, traveled in interstate commerce and used facilities in interstate and foreign commerce, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management,

establishment, and carrying on of unlawful activity, specifically, commercial bribery in violation of New York State Penal Law Sections 180.00 and 180.03, and thereafter performed and attempted to perform an act to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(3) and 2).

FORFEITURE ALLEGATION

26. As a result of committing one or more of the foregoing securities fraud, wire fraud, and commercial bribery offenses, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 18, United States Code, Sections 371, 1343, 1346, and 1952(a)(3), and Title 17, Code of Federal Regulations, Section 240.10b-5 and 10b5-2, as alleged in Counts One, Two, Three, Four, Five, Six, and Seven of this Indictment, DENNIS MICHAEL NOURI, REZA ERIC NOURI, RUBEN SERRANO, and ALAIN LUSTIG, the defendants, shall forfeit to the Untied States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the securities fraud offenses.

Substitute Assets Provision

27. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(i) cannot be located upon the exercise of due diligence;

(ii) has been transferred or sold to, or deposited with, a third party;

(iii) has been placed beyond the jurisdiction of the court;

(iv) has been substantially diminished in value; or

(v) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

(Title 15, United States Code, Sections 78j(b), 78ff; Title 18, United States Code, Sections 371 and 981; Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461; and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2).

FOREPERSON

MICHAEL J. GARCIA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

DENNIS MICHAEL NOURI,
REZA ERIC NOURI,
RUBEN SERRANO,
and ALAIN LUSTIG

**Defendants.**

**INDICTMENT**

07 Cr.

(Title 18, United States Code, Sections 371, 1343, 1346, 1952(a)(3), and 2; Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-2.)

MICHAEL J. GARCIA
United States Attorney.

Foreperson

11/8/07 Filed indictment. Case assigned to Judge Chin.

SRM

— Francis, J.